IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

LINDON JERROLD WHITE,

    Petitioner,

v.                                                    CASE NO. 1:07-cv-00176-MP-AK

JAMES R. MCDONOUGH,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Doc. 1, petition for writ of habeas corpus, filed by Lindon Jerrold White. Petitioner was convicted of first degree murder and robbery and was sentenced to life imprisonment plus fifteen years to run concurrently on November 9, 2000. Doc. 1 at 1. He appealed his conviction and sentence, which were affirmed on March 8, 2002. *Id*. at 2. The conviction became final ninety days later, and the one-year period for filing the instant petition began running at that time. *Nix. v. Secretary for Department of Corrections*, 393 F.3d 1235 (11th Cir. 2004). On March 31, 2004, Petitioner filed a motion for post-conviction relief in state court, which was denied. *Id*. at 3-4.

From the date that Petitioner's conviction became final, he had one year to seek federal habeas review. 28 U.S.C. §2244(d)(1)(A). In other words, he had until June 8, 2003, to file the instant petition. Although the time for filing a habeas petition in this Court is tolled during the pendency of a properly filed motion for post-conviction relief in state court, the time for filing the instant petition had expired before Petitioner filed the post-conviction motion in state court on March 31, 2004, and the filing of that motion could not toll a statute of limitations that had already expired. As the instant petition was not filed until September 21, 2007, Petitioner clearly

missed the filing deadline, and nothing he did in state court after the expiration of the statute of limitations serves to revive the time for filing here. *See Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) (tolling provisions do not restart statute of limitations once limitations period has expired); *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002). Though the time for filing a § 2254 petition may be equitably tolled under certain extraordinary circumstances, Petitioner has not suggested that this is an issue, and a review of the documents reveals nothing to support equitable tolling. *See Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (to qualify for equitable tolling, petitioner must show extraordinary circumstances that are both beyond his control and unavoidable even with diligence); *see also Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000).

Because the instant petition is untimely, it is respectfully **RECOMMENDED** that the petition for writ of habeas corpus, Doc. 1, be **DENIED**, and this cause be **DISMISSED WITH PREJUDICE**.

**DONE AND ORDERED** this **26th** day of September, 2007.

*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**